IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| THE MOSAIC COMPANY,<br><br>      Plaintiff,<br><br>  and<br><br>OCP S.A.,<br><br>      Consolidated Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>  and<br><br>OCP S.A., *et al.*,<br><br>      Defendant-Intervenors. | Consol. Court No. 23-00246 |

## **ORDER**

Upon consideration of the parties' comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained, and it is further

ORDERED that final judgment is entered in favor of the United States.

Date:_____                                    _____
    New York, NY                                                                     Senior Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| THE MOSAIC COMPANY, ) <br> ) <br>  Plaintiff, ) <br> ) <br>  and ) <br> ) <br> OCP S.A., ) <br> ) <br>  Consolidated Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>  Defendant, ) <br> ) <br>  and ) <br> ) <br> OCP S.A., *et al.*, ) <br> ) <br>  Defendant-Intervenors. ) <br> ) | Consol. Court No. 23-00246 |

**DEFENDANT'S RESPONSE TO COMMENTS ON THE**
**DEPARTMENT OF COMMERCE'S REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments submitted by The Mosaic Company (Mosaic) and OCP S.A. (OCP) concerning the remand redetermination filed by the United States Department of Commerce (Commerce) pursuant to a remand order by this Court. *See* Remand Redetermination, ECF No. 100; Mosaic Comments, ECF No. 105; OCP Comments, ECF No. 106. Because the remand redetermination fully complies with the Court's remand order in *Mosaic Co. v. United States*, 774 F. Supp. 3d 1362 (Ct. Int'l Trade 2025) (remand order), the Court should sustain Commerce's remand redetermination.

# BACKGROUND

## I. Proceedings Before Commerce

On June 9, 2022, Commerce initiated its first administrative review of the countervailing duty order covering phosphate fertilizers from Morocco. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 35,165 (Dep't of Commerce Jun. 9, 2022) (P.R. 5). On June 28, 2022, Commerce issued an initial questionnaire to the Government of Morocco and respondent OCP. *Se*e Initial Questionnaire (P.R. 11-12). In the questionnaire, Commerce asked about programs previously found to be countervailable, including certain tax-related subsidies. *Id.* at 57-59.

On April 28, 2023, Commerce issued its preliminary results. *See* Preliminary Decision Memorandum (PDM) (P.R. 265). Commerce preliminarily determined that OCP had received countervailable subsidies during the period of review, including for the reduction in tax fines and penalties program*. Id.* at 10-11, 12–13. On November 7, 2023, Commerce published its final results, making no changes to its preliminary finding regarding the reduction in tax fines and penalties program. *See Phosphate Fertilizers from the Kingdom of Morocco,* 88 Fed. Reg. 76,726 (Dep't of Commerce Nov. 7, 2023) (final results) (P.R. 374), and accompanying Issues and Decision Memorandum (IDM) (P.R. 370).

In making its determination, Commerce considered information concerning the number of recipients, the industry breakdowns, and the total amount of assistance received by all companies, observing that 68,738 out of 301,240 corporate taxpayers obtained reductions in tax fines and penalties during the period of review. PDM at 12. Commerce compared the benefits (*i.e*., reductions in fines and penalties) received by OCP to the average amount of benefits received by other companies in Morocco; doing so, Commerce found that OCP was a

disproportionate user of the program on an enterprise basis.  IDM at 48-49 (citing GOM SQR1 at 6, 8, 15-18 (C.R. 154).

Commerce also evaluated the extent of Morocco's economic diversification and length of time during which the subsidy has been in operation.  *Id.* at 49.  While the record did not reflect the total number of establishments in Morocco, it demonstrated that Morocco has numerous manufacturing and service sectors in 21 industrial sectors, reflecting a wide diversification of economic activities.  *See* GOM IQR at Exhibit III-4 (C.R. 20-24).  Commerce, addressing OCP's and the GOM's arguments, also explained that, while the program may be available to all taxpayers, this did not necessarily mean that it cannot be disproportionately used by certain companies.  IDM at 48.

## II. Trial Court Proceedings

OCP filed suit in this Court and, on April 1, 2025, the Court issued an opinion sustaining Commerce's final results on the majority of the issues brought by plaintiffs, but holding that Commerce's finding that the program allowing for reductions in tax fines and penalties was *de facto* specific was not lawful or supported by substantial evidence.  Remand Order at 1381-83.

Relying on a previous decision regarding the same program, the Court held that Commerce's *de facto* specificity determination was the type of which Congress disapproved because the program was available throughout the entire economy and not only used by a discrete segment.  *Id.* 1381-82.  The Court also explained that Commerce did not pay sufficient heed to certain record evidence showing that OCP and its consolidated companies were Morocco's largest corporate group by revenue and observed that OCP had received only a small percentage of the total value of the reductions in tax fines and penalties.  *Id.* at 1382.  The Court

3

thus set aside Commerce's specificity determination and remanded it for "reconsideration and corrective action."

### III. Commerce's Remand Results

On June 4, 2025, Commerce issued a draft remand redetermination in which it determined, under respectful protest, that OCP was not a disproportionate user of the reduction in tax fines and penalties program and that the program was not *de facto* specific. Draft Remand Redetermination (P.R.R. 1). Mosaic filed comments urging Commerce to continue to adhere to its prior finding that the program was *de facto* specific, as Commerce's determination was consistent with the statute and legislative history, and supported by the record. *See generally* Mosaic Comments on Draft Remand (C.R.R. 1). In its final remand redetermination, Commerce explained that Mosaic had not offered analysis or record evidence that would overcome the Court's holding in the remand order and, thus, continued to find under respectful protest that the reduction in tax fines and penalties program was not specific. Remand Redetermination at 6-7.

## ARGUMENT

### I. Standard Of Review

"The same standard of review applies to the review of a remand determination as to the review of the original determination." *Bethlehem Steel Corp. v. United States*, 223 F. Supp. 2d 1372, 1375 (Ct. Int'l Trade 2002). Accordingly, the Court will sustain Commerce's redeterminations if they are "in accordance with the remand order, are supported by substantial evidence, and are otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate

4

to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

## II. Commerce's Remand Redetermination Complies With The Remand Order

The Court should sustain Commerce's remand redetermination, as it complied with the Court's remand order. On remand, under respectful protest,[1] Commerce determined, consistent with the Court's order, that OCP was not a disproportionate user of the reduction in tax fines and penalties program and that the program was not *de facto* specific. Remand Redetermination at 4.

Mosaic argues that Commerce's original determination that the reduction in tax fines and penalties program was *de facto* specific was lawful and supported by substantial evidence, and posits that Commerce interpreted the Court's remand order in an unduly proscriptive manner with regard to disproportionate use. Mosaic Comments at 3-4. Mosaic submits that Commerce erred in not specifically reevaluating the evidence and asks the Court to revisit its original holding. *Id.* at 9-10.

But Mosaic fails to demonstrate that Commerce's decision not to countervail the program did not comply with the Court's order, or that another remand is warranted. Commerce explained that it was "obligated to take action on remand that is consistent with the Court's remand order" and observed that Mosaic had not "offer{ed} analysis or point{ed} to record evidence that would allow Commerce to overcome the Court's objections {to Commerce's original *de facto* specificity finding}." Remand Redetermination at 6-7. And, while Mosaic contends that Commerce should have explicitly reevaluated the record evidence cited by Mosaic

---

[1] Commerce's right to file a remand under protest is well settled. *See Meridian Prods., LLC v. United States*, 890 F.3d 1272, 1277 (Fed. Cir. 2018) (citing *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)). As this Court has explained, "{b}y complying with the court's order under protest, Commerce preserves for appeal the arguments and positions it presented in the final determination and {remand results}." *Jinko Solar Co. v. United States*, 317 F. Supp. 3d 1314, 1321, n.12 (Ct. Int'l Trade 2018) (citing *Viraj*, 343 F.3d at 1376–77), *affirmed*, 961 F.3d 1177 (Fed. Cir. 2020).

regarding disproportionality, Mosaic Comments at 7-9, the Court did not only find that Commerce's determination was unsupported by substantial evidence. Rather, it expressly held that Commerce's *de facto* specificity determination was unlawful, as it was "of a type disapproved by the Statement of Administrative Action (SAA)" and did not comply with the SAA's "guiding principle" that programs available to all industries and sectors should not be considered to satisfy the specificity requirement. Remand Order at 1381-82.

Upon finding—in compliance with the Court's remand order—that OCP was not a disproportionate user of the program, Commerce "determine{d} that the record evidence does not provide a basis for a finding that the program is *de facto* specific under any of the other criteria enumerated in {19 U.S.C. § 1677(5A)(D)(iii)}." Remand Redetermination at 4. Given that Commerce must comply with the Court's remand orders, and in light of the Court's holding that the original basis for the *de facto* specificity finding was unlawful and without substantial evidence that would otherwise support a *de facto* specificity finding, Commerce properly determined not to countervail the program. *See MacLean-Fogg*, 100 F. Supp. 3d at 1355.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and enter judgment in favor of the United States.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    /s/Patricia M. McCarthy
    PATRICIA M. McCARTHY
    Director

| | |
|---|---|
| OF COUNSEL:<br>JOSEPH GROSSMAN-TRAWICK<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Sosun Bae<br>SOSUN BAE<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 305-7568<br>Fax: (202) 307-0972<br>Email: sosun.bae@usdoj.gov |
| Dated: August 14, 2025 | Attorneys for Defendant |